IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA WALL, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:04-CV-1658-D |
| ) | |
| GINNY VAN BUREN, et al., ) | |
|     Respondents. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

In 1993, petitioner pled guilty to three counts of carjacking in violation of 18 U.S.C. §§ 2119 and 2, and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) and (2). (Judgment at 1.) Counts 1 and 2 stemmed from conduct occurring on or about December 3, 1992. (Indictment at 1-2.) Counts 3 and 4 stemmed from carjackings that occurred on or about December 9, 1992, and on or about December 15, 1992. (*Id.* at 3-4.) The Court imposed concurrent sentences of 120 months imprisonment on each count of carjacking and a consecutive sentence of 60 months imprisonment on the firearm count. (Judgment at 2.)

On July 30, 2004, the Court received the instant action wherein petitioner seeks a writ of mandamus pursuant to 28 U.S.C. § 1651. She seeks to compel the United States Bureau of Prisons through respondent Ginny Van Buren "to order the Inmates System Manager to correct [her] current sentence computation" and lodge a new judgment of conviction against her. (Pet. at 1.) She asserts that the Court has jurisdiction under § 1651, *Blakely v. Washington*, 542 U.S. 296 (2004),

18 U.S.C. § 3553(b), USSG § 5k2.0, and "the duty of this Honorable Court to uphold" her Constitutional rights. (*Id.* at 1-2.) No process has issued in this case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Although petitioner asserts that the Court has jurisdiction over this action under the All Writs Act, 28 U.S.C. § 1651, the Fifth Circuit has held that "the All Writs Act does not confer an independent basis for subject matter jurisdiction." *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002); *accord Morris v. T E Marine Corp.*, 344 F.3d 439, 443 (5th Cir. 2003) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002)). Consequently, § 1651 provides no jurisdictional basis for this action. Furthermore, although petitioner also invokes *Blakely*, 18 U.S.C. § 3553(b), USSG § 5k2.0, and "the duty of this Honorable Court to uphold" her Constitutional rights as jurisdictional bases for this action, such asserted bases provide no independent basis for this Court's jurisdiction. Nevertheless, because petitioner specifically mentions mandamus, the Court considers 28 U.S.C. § 1361 as the jurisdictional basis for this action.

### III. MANDAMUS

Section 1361 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Assuming without deciding that the Court has authority under this section to compel respondents to act, § 1361 nevertheless limits such compelled action to the performance of a duty owed to the plaintiff, or in this case, the petitioner. Petitioner, however, has not shown that respondents owe her any duty to act. Respondents have no independent duty to act under *Blakely*, 18 U.S.C. § 3553(b), or USSG § 5k2.0. The "duty" of the Court to uphold petitioner's Constitutional rights likewise imposes no independent duty on respondents to act.

In the absence of a duty owed to petitioner by respondents, the Court is without authority to grant a writ of mandamus. The Court thus denies the instant writ of mandamus.

### IV. *BLAKELY*

Because petitioner also invokes *Blakely*, the Court could likewise construe the instant petition as raising a *Blakely* claim under either 28 U.S.C. § 2241 or § 2255. However, the Court declines to do so. First, petitioner cannot pursue such a claim under § 2241 without showing that § 2255 is inadequate or ineffective. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Because petitioner has made no such showing, § 2241 provides no basis for relief. Furthermore, because *Blakely* has not been made retroactively applicable to cases on collateral review, § 2255 provides no basis for relief based upon a *Blakely* claim. *See United States v. Garcia*, Nos. 3:03-CR-0268-L(01), 3:05-CV-0493-L, 2005 WL 1489926, at *2 (N.D. Tex. June 22, 2005) (addressing timeliness of a § 2255 motion); *United States v. Cabrera*, Nos. 3:01-CR-0374-H, 3:04-CV-2739-H, 2005 WL

3

1422154, at *1 (N.D. Tex. June 14, 2005) (findings, conclusions, and recommendation addressing initial § 2255 motion), *accepted by* unpub. order (N.D. Tex. July 11, 2005). Thus, even if the Court were to construe the instant action as arising under § 2241 or § 2255, such action would entitle petitioner to no relief.

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the District Court **DENY** the instant writ of mandamus.

**SIGNED this 8th day of September, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE